UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| CENTRAL ILLINOIS CARPENTERS HEALTH & WELFARE TRUST FUND, By and Through Its Board of Trustees; ) ) ) ) and ) ) CARPENTERS PENSION FUND OF ILLINOIS, By and Through Its Board of TRUSTEES; ) ) ) ) and ) ) CARPENTERS RETIREMENT SAVINGS FUND OF ILLINOIS, By and Through Its Board of Trustees; ) ) ) ) ) and ) ) MID-CENTRAL ILLINOIS REGIONAL COUNCIL OF CARPENTERS-JOINT APPRENTICESHIP & TRAINING COMMITTEE, and ILLINOIS REGIONAL COUNCIL OF CARPENTERS, CENTRAL ILLINOIS BUILDERS, CARPENTERS INTERNATIONAL TRAINING FUND, and CARPENTERS LABOR MANAGEMENT EDUCATION & DEVELOPMENT FUND, and MID-CENTRAL ILLINOIS REGIONAL COUNCIL OF CARPENTERS PROMOTIONS FUND, and MID-CENTRAL ILLINOIS JOINT LABOR MANAGEMENT SUBSTANCE ABUSE TESTING & ASSISTANCE FUND, ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) Plaintiffs, ) ) v. ) ) PULVERIZER SERVICES, INC. and PULVERIZER SERVICES REBUILDS LLC, ) ) ) Defendants. ) | Cause No. |

## COMPLAINT

COME NOW Plaintiffs, CENTRAL ILLINOIS CARPENTERS HEALTH AND WELFARE FUND; CARPENTERS PENSION FUND OF ILLINOIS; CARPENTERS RETIREMENT SAVINGS FUND OF ILLINOIS; MID-CENTRAL ILLINOIS REGIONAL COUNCIL OF CARPENTERS-JOINT APPRENTICESHIP & TRAINING COMMITTEE; MID-CENTRAL ILLINOIS REGIONAL COUNCIL OF CARPENTERS, CENTRAL ILLINOIS BUILDERS, CARPENTERS INTERNATIONAL TRAINING FUND; CARPENTERS LABOR MANAGEMENT EDUCATION & DEVELOPMENT FUND; MID-CENTRAL ILLINOIS REGIONAL COUNCIL OF CARPENTERS PROMOTIONS FUND; AND MID-CENTRAL ILLINOIS JOINT LABOR MANAGEMENT SUBSTANCE ABUSE TESTING & ASSISTANCE FUND, by and through undersigned Counsel, and for Count I of their Complaint against Defendants PULVERIZER SERVICES, INC. AND PULVERIZER SERVICES REBUILDS LLC:

### Parties

1. Plaintiff Central Illinois Carpenters Health & Welfare Trust Fund (hereinafter "Welfare Fund") is an employee benefit plan within the meaning of Sections 3(1) and (3), 502 and 515 of the Employee Retirement Income Security Act of 1974 ("ERISA"), as amended, 29 U.S.C. § 1002(1), (3), 1132 and 1145. The Welfare Fund's Board of Trustees are fiduciaries within the meaning of Section 3(21)(A) and 502 of ERISA, 29 U.S.C. §§ 1002(21)(A) and 1132 and are authorized to maintain this cause of action pursuant to Section 502(a)(3) of ERISA, 29 U.S.C. § 1132(a)(3), to enforce the terms of an ERISA plan.

2. Plaintiff Carpenters Pension Fund of Illinois (hereinafter "Pension Fund") is an employee benefit plan within the meaning of Sections 3(1) and (3), 502 and 515 of the Employee

Retirement Income Security Act of 1974 ("ERISA"), as amended, 29 U.S.C. § 1002(1), (3), 1132 and 1145.  The Pension Fund's Board of Trustees are fiduciaries within the meaning of Section 3(21)(A) and 502 of ERISA, 29 U.S.C. §§ 1002(21)(A) and 1132 and are authorized to maintain this cause of action pursuant to Section 502(a)(3) of ERISA, 29 U.S.C. § 1132(a)(3), to enforce the terms of an ERISA plan.

3. Plaintiff Carpenters Retirement Savings Fund of Illinois (hereinafter "Retirement Savings Fund") is an employee benefit plan within the meaning of Sections 3(1) and (3), 502 and 515 of the Employee Retirement Income Security Act of 1974 ("ERISA"), as amended, 29 U.S.C. § 1002(1), (3), 1132 and 1145.  The Retirement Savings Fund's Board of Trustees are fiduciaries within the meaning of Section 3(21)(A) and 502 of ERISA, 29 U.S.C. §§ 1002(21)(A) and 1132 and are authorized to maintain this cause of action pursuant to Section 502(a)(3) of ERISA, 29 U.S.C. § 1132(a)(3), to enforce the terms of an ERISA plan.

4. The Welfare Fund has been duly authorized to act as an agent in the collection of contributions due to Plaintiffs Mid-Central Illinois Regional Council of Carpenters-Joint Apprenticeship & Training Committee ("Training Fund"); Mid-Central Illinois Regional Council of Carpenters, Central Illinois Builders, Carpenters International Training Fund; Carpenters Labor Management Education & Development Fund ("Development Fund"); Mid-Central Illinois Regional Council of Carpenters Promotions Fund ("Promotions Fund"); and Mid-Central Illinois Joint Labor Management Substance Abuse Testing & Assistance Fund ("Substance Abuse Fund"), which are collectively-bargained funds, or separate labor-management cooperatives, and to which Defendants agreed to make contributions on behalf of certain of their employees.

5. Together, the Welfare Fund, Pension Fund, Retirement Savings Fund, Training Fund, Development Fund, Promotions Fund and Substance Abuse Fund shall be referred to as the "Plaintiff Funds."

6. Defendant Pulverizer Services, Inc. ("Defendant Pulverizer Services") is a Kentucky corporation maintaining its principal place of business at 200 Park Loop, Calhoun, KY 42327.

7. Defendant Pulverizer Services is, was and at all relevant times has been, an employer in an industry affecting commerce within the meaning of Sections 3(5), (11), (12) and 515 of ERISA, 29 U.S.C. §§ 1002(5), (11), (12) and 1145 and of §§ 2(2), (6) and (7) of the Labor-Management Relations Act of 1947 ("LMRA"), as amended, 29 U.S.C. §§ 152(2), (6) and (7).

8. Defendant Pulverizer Services Rebuilds LLC ("Defendant Pulverizer Services Rebuilds") is a Kentucky Limited Liability Company maintaining its principal place of business at 200 Park Loop, Calhoun, KY 42327.

9. Defendant Pulverizer Services Rebuilds is, was and at all relevant times has been, an employer in an industry affecting commerce within the meaning of Sections 3(5), (11), (12) and 515 of ERISA, 29 U.S.C. §§ 1002(5), (11), (12) and 1145 and of §§ 2(2), (6) and (7) of the Labor-Management Relations Act of 1947 ("LMRA"), as amended, 29 U.S.C. §§ 152(2), (6) and (7).

## Jurisdiction and Venue

10. This Court has jurisdiction over Plaintiffs' claims by virtue of Sections 502(a)(3) and 515 of ERISA, 29 U.S.C. § 1132(a)(3) and 1145, in that the Plaintiff Funds' respective Boards of Trustees are fiduciaries who seek to enforce the provisions of the Plaintiff Funds and pursuant to § 301(a) and (c) of the LMRA, 29 U.S.C. § 185(a) and (c), in that the Training Fund,

Development Fund, Promotions Fund and Substance Abuse Fund are suing for breaches of contract(s) between an employer and a labor organization.

11. This Court has personal jurisdiction over Defendant pursuant to ERISA § 502(e), 29 U.S.C. § 1132(e) and pursuant to § 301 of the LMRA, 29 U.S.C. § 185(a).

12. Venue is proper in this Court pursuant to ERISA Section 502(e)(2), 29 U.S.C. § 1132(e)(2) and § 301 of the LMRA, 29 U.S.C. § 185, in that the Plaintiff Funds are administered within the jurisdiction of this Court and because the acts and omissions complained of herein occurred or are occurring within the jurisdiction of this Court.

## COUNT I -- AUDIT LIABILITY DUE
## AGAINST PULVERIZER SERVICES
## (MIDWEST CARPENTERS HEALTH & WELFARE FUND)

13. At all times relevant to this Complaint, Defendant Pulverizer Services is, was and has been signatory to the Standard Construction Agreement ("Standard Agreement") with the United Brotherhood of Carpenters and Joiners of America ("Carpenters").

14. Pulverizer Services is, was and has also been signatory to a Recognition Agreement ("Recognition Agreement") with the Mid-Central Illinois Regional Council of Carpenters ("Regional Council").

15. Pursuant to the Recognition Agreement, Pulverizer Services agreed to become bound by and to observe the terms and conditions of all collective bargaining agreements ("CBA's") negotiated by the Regional Council.

16. The CBA's, as well as the Standard Agreement, in turn require signatory contractors such as Pulverizer Services to make monetary contributions to the Plaintiffs Welfare Fund, Pension Fund and Retirement Savings Fund at specified hourly rates based upon hours

worked by their employees in covered employment, and to pay and/or deduct certain amounts from their employees' gross pay and to transfer those deductions to the Welfare Fund as collection agent on behalf of the Training Fund, Development Fund, Promotions Fund and Substance Abuse Fund, pursuant to the terms of the Declarations of Trust establishing the Plaintiff Funds and of the applicable CBA's.

17. In 2013, the Plaintiff Welfare Fund caused a payroll examination/audit to be conducted of Pulverizer Services for the period of October 1, 2010 through March 31, 2013.

18. The payroll examination/audit for the Welfare Fund resulted in a finding of contributions due and owing in the amount of $8,104.53 ("Delinquency").

19. As a result of there being a delinquency to the Health and Welfare Fund, Pulverizer Services is liable for Liquidated Damages in the amount of or $1,620.83.

20. As a result of there being a delinquency, Pulverizer Services is also liable for interest in the amount of at least $1,503.51, or a different and greater amount to be proven at trial.

21. Pulverizer Services is also liable for audit costs of $1,011.29, for a total due as of the date of this Complaint of not less than $11,527.62.

22. Pulverizer Services is also liable for Plaintiffs' attorneys' fees and costs, in an amount to be proven at trial.

23. As a result of the acts and omissions complained of herein, Plaintiffs have been harmed.

WHEREFORE, Plaintiffs respectfully pray that the Court:

    a. Enter Judgment for Plaintiff Welfare Fund and against Defendant Pulverizer Services;

  b.  Enter an Order awarding Plaintiff Welfare Fund $8,104.53 in delinquent contributions as determined by audit;

  c.  Enter an Order awarding Plaintiff Welfare Fund Liquidated Damages in the amount of $1,620.83;

  d.  Enter an Order awarding Plaintiff Welfare Fund interest in the amount of at least $1,503.51, or a different and greater amount to be proven at trial.;

  e.  Enter an Order awarding Plaintiff Welfare Fund audit costs of $1,011.29;

  f.  Enter an Order awarding Plaintiff Welfare Fund its attorneys' fees and costs;

  g.  Enter an Order awarding Plaintiff Welfare Fund appropriate post-judgment interest;

  h.  Enter Orders for such further relief as the Court deems proper in the premises.

**COUNT II -- AUDIT LIABILITY DUE**

**AGAINST PULVERIZER SERVICES**

**(CARPENTERS PENSION FUND OF ILLINOIS AND**

**CARPENTERS RETIREMENT SAVINGS FUND OF ILLINOIS)**

  COME NOW Plaintiffs Carpenters Pension Fund of Illinois and Carpenters Retirement Savings Fund of Illinois, by undersigned Counsel, and for Count II of their Complaint against Defendants, state as follows:

  24. Plaintiffs Pension Fund and Retirement Savings Fund restate and reincorporate paragraphs 1 through 23 of Count I, as if fully set forth herein.

25. In 2013, Plaintiffs Pension Fund and Retirement Savings Fund caused a payroll examination/audit to be conducted of Pulverizer Services for the period of October 1, 2010 through March 31, 2013.

26. The payroll examination/audit for the Pension Fund and Retirement Savings Fund resulted in a finding of contributions due and owing in the amount of $9,557.58 ("Delinquency").

27. As a result of there being a delinquency to the Pension Fund and Retirement Savings Fund, Pulverizer Services is liable for Liquidated Damages in the amount of $1,969.84.

28. As a result of there being a delinquency, Pulverizer Services is also liable for interest.

29. Pulverizer Services is also liable for audit costs of $1,011.29, for a total due as of the date of this Complaint of not less than $12,240.16.

30. Pulverizer Services is also liable for Plaintiffs' attorneys' fees and costs, in an amount to be proven at trial.

31. As a result of the acts and omissions complained of herein, Plaintiffs have been harmed.

WHEREFORE, Plaintiffs respectfully pray that the Court:

    a. Enter Judgment for Plaintiffs Pension Fund and Retirement Savings Fund and against Defendant Pulverizer Services;

    b. Enter an Order awarding Plaintiffs Pension Fund and Retirement Savings Fund $9,557.78 in delinquent contributions as determined by audit;

    c. Enter an Order awarding Plaintiffs Pension Fund and Retirement Savings Fund Liquidated Damages in the amount of $1,969.84;

    d.      Enter an Order awarding Plaintiffs Pension Fund and Retirement Savings Fund interest in an amount to be proven at trial;

    e.      Enter an Order awarding Plaintiffs Pension Fund and Retirement Savings Fund audit costs of $1,011.29;

    f.      Enter an Order awarding Plaintiffs Pension Fund and Retirement Savings Fund their attorneys' fees and costs;

    g.      Enter an Order awarding Plaintiffs Pension Fund and Retirement Savings Fund appropriate post-judgment interest;

    h.      Enter Orders for such further relief as the Court deems proper in the premises.

## COUNT III -- SUCCESSOR AND/OR ALTER-EGO AND/OR SINGLE INTEGRATED ENTERPRISE LIABILITY AGAINST PULVERIZER SERVICES REBUILDS LLC (ALL PLAINTIFFS)

COME NOW Plaintiffs Central Illinois Carpenters Health & Welfare Trust Fund, Carpenters Pension Fund of Illinois and Carpenters Retirement Savings Fund of Illinois, by undersigned Counsel, and for Count III of their Complaint against Defendant Pulverizer Services Rebuilds LLC, state as follows:

32.    Plaintiffs restate and reincorporate paragraphs 1 through 23 of Count I and 24 through 31 of Count II, as if fully set forth herein.

33.    Defendant Pulverizer Services Rebuilds LLC was established by the filing of Articles of Organization with the Kentucky Secretary of State on January 16, 2013.

34. The Articles of Organization list Sharon Miller as the Organizer of Defendant Pulverizer Services Rebuilds.

35. Sharon Miller is the Secretary of Defendant Pulverizer Services.

36. Upon information and belief, Sharon Miller and Herbert S. Miller, who is the President of Defendant Pulverizer Services, are the only members of Defendant Pulverizer Services Rebuilds, exclusively control the day to day operations of both entities and are the sole and exclusive financial stakeholders in Pulverizer Services and Pulverizer Services Rebuilds.

37. Upon information and belief, Defendant Pulverizer Services and Defendant Pulverizer Services Rebuilds share, or have shared, at least the following:

    a. Common or related officers, directors, shareholders, or members;

    b. Common employees;

    c. Common equipment and materials;

    d. Common business purpose and/or common management and/or control, including common control of labor relations; and

    e. Common assets, including bank accounts.

38. By virtue of these commonalities, Defendant Pulverizer Services Rebuilds is a successor to Defendant Pulverizer Services, and the two entities are alter-egos of one another and/or constitute a single integrated enterprise.

39. Upon information and belief, Defendant Pulverizer Services Rebuilds was formed, at least in part, to avoid the debts and obligations of Defendant Pulverizer Services. Absent relief from the Court, Plaintiffs are at a disadvantage to enforce and collect the debts of Defendant Pulverizer Services and are suffering, and will continue to suffer immediate, continuous and irreconcilable injury and damage if Defendants are permitted to establish and maintain the artifice

and legal fiction of Defendant Pulverizer Services Rebuilds, which would otherwise work a fraud on the creditors of both Defendants.

40. As the successor to, and/or alter-ego of, and/or as part of a single integrated enterprise with Defendant Pulverizer Services, Defendant Pulverizer Services Rebuilds is liable for the debts and obligations of Defendant Pulverizer Services, including all claims asserted in this Complaint.

41. As a result of the acts and omissions complained of herein, Plaintiffs have been harmed.

WHEREFORE, Plaintiffs pray that the Court:

a. Enter Judgment for Plaintiffs and against Defendant Pulverizer Services Rebuilds;

b. Enter an Order finding Defendant Pulverizer Services Rebuilds to be the successor to, alter-ego of, and/or part of a single integrated enterprise with Defendant Pulverizer Services;

c. Enter Judgment that as the successor to, alter-ego of, and/or part of a single integrated enterprise with Defendant Pulverizer Services, Defendant Pulverizer Services Rebuilds is liable for the debts and obligations of Defendant Pulverizer Services, including the claims asserted in this Complaint;

d. Enter an Order awarding against Defendant Pulverizer Services Rebuilds the monetary and other relief awarded to Plaintiffs in Counts I and II, including all contributions, interest, liquidated damages, attorneys' fees and costs;

e. Enter an Order awarding Plaintiffs appropriate post-judgment interest;

f. Enter Orders for such further relief as the Court deems proper in the premises.

Respectfully Submitted,

CAVANAGH & O'HARA LLP

 /s/  James R. Kimmey
JAMES R. KIMMEY
333 Salem Place, Suite 240
Fairview Heights, IL  62208
(618) 726-2530 (tel.)
(618) 726-2533 (fax)
jaykimmey@cavanagh-ohara.com

W:\c&o\c&o\Files\Carpenters\GENEVA Delinquency Files\Pulverizer Services\Pleadings\Complaint.docx